## BAUDILIO CORREA

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

San Juan, Law, No. 623.

A mother of a minor, who sues for his personal injury, as his next friend, is not required to negative the existence of, or account for the minor's father not suing in accordance with the provisions of § 60 of the Code of Civil Procedure of 1904 of Porto Rico, because the suit is by and for the minor himself, through such next friend, and is not in any sense by or for the parent, as contemplated under said section. Such a complaint is good on demurrer.

Opinion filed October 28, 1909.

---

*Messrs. A. B. Crosas* and *José S. Pesquera,* attorneys for the plaintiff.

*Mr. F. H. Dexter,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This is a suit filed by a boy who is alleged to be about eleven years of age, for a personal injury to himself which resulted in

Correa v. American R. Co.

the loss of one of his legs, caused by the negligent running of one of the trains of the defendant at a railroad crossing on its line. The suit is filed by his mother as his next friend and guardian for his benefit.

The issue was raised by a demurrer which sets up that the mother has no right to bring the suit because she does not show that she has been appointed the boy's guardian by any court, and because, under § 60 of the Porto Rican Code of Civil Procedure of 1904, the right to bring such a suit is given first to the father of the boy, and the complaint here does not give any reason why the father fails to sue.

We think the demurrer is without merit. The plaintiff here sues as the boy's next friend, and the fact that she says she is his guardian may be treated as surplusage. She is one of his natural guardians, anyway. Sec. 60 of the Code referred to, in our opinion, applies only to the cause of action that is given first to the father and next to the mother, as and for themselves. In our opinion, the child himself is primarily the owner of this cause of action. It is not like a case where death has occurred, for here the boy was only injured. See our opinion in Zanabria y García v. Ponce R. & Light Co. 3 Porto Rico Fed. Rep. 108, and also our opinion in Buzo v. San Juan Light & Transit Co., 4 Porto Rico Fed. Rep. 520. If common-law pleading still prevailed, a demurrer such as this is would be held to be a plea in abatement, and the pleader would be required to give the plaintiff a better writ, by pointing out who ought to sue. In any event, if the plaintiff fails to make a case in law, the defendant will be entitled to an instruction at the trial.

The demurrer will therefore be overruled and the defendant required to answer, and an order to that effect will be entered.